## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**RONNIE RILEY**                                    **CIVIL ACTION NO. 5:13-cv-1109**
      **LA. DOC #393420**

                                     **SECTION P**

**VS.**

                                     **JUDGE ELIZABETH E. FOOTE**

**JERRY GOODWIN, ET AL.**                          **MAGISTRATE JUDGE HAYES**

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Dismiss and an alternative Motion for Summary Judgment, [doc. # 38], filed by

Defendants Kevin Kidd, Louis Hamilton, Jeffery Johnson, Rodney Long,[1] Brian Bass, Dedrick

Blunt, Terrance Hauley,[2] Eric Green, Robert Davis, Jr., Arnold Henry, Alma Burns, Jr., LaJoe

Hill, Shalen Heard, Andri McCoy,[3] Bruce Young, Matthew Elmore, Sammy Benson,[4] John Huey,

Ronald Rawson,[5] Johnny White, Rufus McDonald,[6] David Thomas, Vincent Coleman, Roy

---

[1] Incorrectly named in the Complaint as "Ronnie Long."  [doc. # 31, p. 3].

[2] Incorrectly named in the Complaint as "Terrenee Hauley."  *Id.*

[3] Incorrectly named in the Complaint as "John Doe McCoy."  *Id.*

[4] Incorrectly named in the Complaint as "Laney Benson."  *Id.*

[5] Incorrectly named in the Complaint as "Ron Rawson."  *Id.*

[6] Incorrectly named in the Complaint as "Rufus McDowwell."  *Id.*

Cole,[7] Tyrone Mays, Douglas Ford, Jacob Baird,[8] Roderick Malcolm,[9] Thomas Pietsch,[10] Colonel

Lottie Nail, Warden Jerry Goodwin,[11] Sergeant Gary Carter, Alfred Carter, Cliff Causey,

LaDarius Wilson, Marvin Garrett,[12] and Terry Mitchell.[13]  Plaintiff does not oppose the Motion.

For the reasons assigned below, it is recommended that the Motion be **GRANTED IN PART**

**AND DENIED IN PART**.

## Background

On April 3, 2013, inmate Carlos A. McGrew submitted a 44-page *pro se* complaint on

behalf of himself, Plaintiff, nineteen other David Wade Correctional Center ("DWCC") inmates,

---

[7] Incorrectly named in the Complaint as "Ray Cole."  *Id.*

[8] Incorrectly named in the Complaint as "John Doe Baird."  *Id.*

[9] Incorrectly named in the Complaint as "Roger Malcolm."  *Id.*

[10] Incorrectly named in the Complaint as "John Doe Pietch."  *Id.*

[11]  Plaintiff does not name Nail or Goodwin in the caption of the Complaint, but Plaintiff does name them in the body of the Complaint.  *Id.* at 9.  Liberally construing the Complaint, the Court determines that Plaintiff sufficiently named Nail and Goodwin as Defendants.

[12] Incorrectly named in the Complaint as "John Doe Garrett."

[13] Defendants Dedrick Blunt, Sergeant Gary Carter, Alfred Carter, Cliff Causey, LaDarius Wilson, Terry Mitchell, and Marvin Garrett join this Motion even though they claim that "[s]ervice has yet to be perfected" against them.  [doc. # 38, p. 1].

Relatedly, the instant Complaint omits the following Defendants that were named in the original complaint: Warden John Does x2, medical director/coordinator, warden Jane Doe x1, mental health director, Warden Jane Doex1, Entire Mental Health and Medical (Dental Department), Doctor Jane Doe x1, Nurses John Doe x2, E.M.T.(s) John Doe x2, Psychiatrist John Doe x1, Social Worker(s) John Does x2, Entire Classification Department (John Does x2 and Jane Doe x1), Entire Security Staff assigned to South Side Compound N-1, 2, 3, and 4, Captain John Does, Lt. John Does, Sgt. John Does, Robert Rachel, Angie Huff, Michele Dauzat, Paula Millwe, Gregory Seal, Steve Hayden, Mark Hunter, and John Doe Jimerson.  [doc. #s 1, p. 4-6; 31, p. 3].  These Defendants should be terminated.

and "any/all others similarly situated," complaining about the conditions of confinement at DWCC.  [doc. # 1].  The complaint included a prayer for declaratory relief, injunctive relief, compensatory damages, and punitive damages.  *Id.*

On April 30, 2013, the Court ordered each inmate to file a separate complaint.  [doc. # 10].  *Pro se* Plaintiff Ronnie Riley,[14] an inmate in the custody of Louisiana's Department of Corrections ("DOC") and housed at DWCC, complied and filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 on May 20, 2013.  [doc. # 26].  On December 10, 2013, the Court ordered Plaintiff to amend his Complaint once more to cure the following deficiencies:

> Plaintiff has named numerous defendants but has not alleged specific fault on the part of any particular defendant. Further, plaintiff has sued a number of "John Does" and other "unknown defendants." Plaintiff must identify EACH individual defendant. Further, plaintiff has not described the nature of the injury he sustained as a result of each alleged violation. In short, plaintiff's complaint, as it stands, does not state a claim for which relief may be granted; however, before this court determines the proper disposition of plaintiff's complaint, plaintiff should be given the opportunity to remedy the deficiencies identified above.

[doc. # 30].  Plaintiff filed a second amended complaint ("the Complaint") on January 10, 2014, [doc. # 31], and the Court then directed the Clerk of Court to effect service, through the U.S. Marshal, on each Defendant.  [doc. # 32].  The Complaint contains the following allegations:

> (1) DWCC does not utilize adequate screening methods to ensure that inmates are not placed into cells with other inmates that could harm them; (2) Warden Goodwin ignores inmates' formal grievances; (3) Warden Goodwin subjects inmates to "intense isolation and punitive segregation" when they file formal grievances; (4) Officers "routinely refuse inmates their daily 10 minute showers, medical/mental health callouts, and out-of-cell recreation"; (5) the cells are too small; (6) the food portions are too small; (7) inmates are subjected to extreme temperatures; (8) there is no ladder for the bunk beds; (9) the DWCC laundry service is inadequate and inmates are forced to wear dirty jump suits and sleep on dirty linens; (10) inmates are subjected to excessive force because officers "routinely employ the use of [a]

---

[14] Plaintiff proceeds *in forma pauperis*.  [doc. # 29].

chemical agent"; (11) the excessive use of the chemical agent forces Plaintiff's entire tier to endure noxious chemical fumes; (12) inmates are subjected to retaliation when they file formal grievances; (13) mentally ill inmates are housed near other inmates as a form of punishment; (14) the food is not healthy; (15) the drinking water is contaminated; and (16) the facility is infested with insects.

[doc. # 31].[15]

Defendants claim that Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff fails to "recite any direct personal involvement, any specific occurrences, [or] any violation that would give rise to a cognizable constitutional right"; (2) Defendants are entitled to qualified immunity; (3) there is no genuine dispute of material fact as to whether Plaintiff was deprived of adequate and basic human necessities; (4) to the extent that Plaintiff sues them in their official capacities, they "are outside the class of persons subject to liability for damages under 42 U.S.C. § 1983"; and (5) Plaintiff failed to exhaust his administrative remedies. [doc. # 38-1].

The matter is now before the Court.

## I. Preliminary Observations

There are two preliminary matters that merit discussion: whether Plaintiff Riley or inmate Carlos McGrew is the true Plaintiff and whether Plaintiff, as a non-lawyer, can represent the interests of other similarly situated inmates. As to the former, the Court observes that inmate Carlos McGrew, not Plaintiff, mailed the Complaint to the Clerk of Court for filing. [doc. # 31, p. 29]. Inmate McGrew also signed the final page of Plaintiff's Complaint, inmate Robert

---

[15] The Complaint does not include a prayer for relief. However, even though "[a]n amended complaint supersedes [an] original complaint and renders it of no legal effect," *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), the Court liberally construes the Complaint and finds that it incorporates the relief sought in the original complaint. [*See* doc. # 1].

Baltimore's complaint, inmate Joshua Williams's complaint, and inmate Lum Jones's complaint.[16]  [doc. # 31, p. 28]; *Baltimore v. Goodwin, et al.*, No. 13-1108 (W.D. La. filed April 3, 2013);  *Williams v. Goodwin, et al.*, No. 13-1106 (W.D. La. filed April 3, 2013); *Jones v. Goodwin, et al.*, No. 13-1111 (W.D. La. filed April 3, 2013).  What is more, McGrew is a frequent litigator and the Court recently revoked his *in forma pauperis* after discovering that he was subject to the three strikes provision in 28 U.S.C. § 1915(g).  [*See* doc. # 30, p. 1-2].

Considering the circumstances, the Court is well-aware that McGrew is likely the Complaint's architect and that McGrew could very well be utilizing Plaintiff to further his own agenda.  Nevertheless, Plaintiff did sign the instant Complaint and is purportedly funding the proceedings.  In that respect, the Court declines to dismiss the case *sub judice* due to McGrew's apparent lack of standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992) (noting that a plaintiff must have suffered a personal "injury in fact" to establish standing).

Next, with respect to the latter preliminary matter, Plaintiff's Complaint states that it is filed on behalf of all original plaintiffs, all inmates not specifically named but similarly situated, and all future plaintiffs who have yet to arrive at DWCC.  [doc. # 31, p. 2].  In this Court, parties can represent themselves or they can be represented by an attorney; they cannot be represented by a non-lawyer.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5ᵗʰ Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authorities)).  Here, Plaintiff is not a licensed attorney and cannot represent the other, putative plaintiffs.[17]

---

[16]  Plaintiffs Jones, Baltimore, and Williams are all allegedly similarly situated inmates at DWCC that joined the initial Complaint prior to the court-ordered severance mentioned above.

[17] The Court reiterates that inmate Carlos McGrew is both a signatory to the Complaint and the Complaint's likely author.  In that vein, and for the same reason stated above, inmate

Accordingly, the Court will consider only the alleged harms that Plaintiff Riley personally suffered.

## II. Exhaustion of Administrative Remedies

Defendants argue that all but one of Plaintiff's claims should be dismissed for failure to exhaust. [doc. # 38-1, p. 2]. Specifically, they claim that Plaintiff only exhausted one of the two administrative grievances that he filed.[18] *Id.*

A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by

---

Carlos McGrew cannot represent Plaintiff.

[18] Defendants further assert that there is no genuine dispute of material fact surrounding the sole exhausted claim. *Id.* at 9.

pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*  "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).  However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).  While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added).  "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-

7

23.  This is true "since a complete failure of proof concerning an essential element of the

nonmoving party's case necessarily renders all other facts immaterial."  *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond

peradventure[19] all of the essential elements of the claim . . . to warrant judgment in [its] favor."

*Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5ᵗʰ Cir. 1986).  In other words, the movant must

affirmatively establish its right to prevail as a matter of law.  *Universal Sav. Ass'n v. McConnell*,

1993 WL 560271 (5ᵗʰ Cir. Dec. 29, 1993) (unpubl.).

B. Exhaustion Principles

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act

("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of

this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Exhaustion is mandatory and is required even where the relief sought cannot be granted by the

administrative process.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citations omitted).  All

"available" remedies must be exhausted, whether speedy and effective, or not.  *Porter v. Nussle*,

534 U.S. 516, 524 (2002).  "Proper exhaustion requires that the prisoner not only pursue all

available avenues of relief but also comply with all administrative deadlines and procedural

rules."  *Johnson v. Kukua*, 342 Fed. App'x. 933, 934 (5ᵗʰ Cir. Aug. 20, 2009) (unpubl.) (citing

*Woodford*, 548 U.S. at 89-93).  An untimely or otherwise procedurally defective administrative

grievance does not satisfy the exhaustion requirement.  *Id.*

---

[19]  I.e., beyond doubt.

8

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).  An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted).  Exhaustion also applies to claims brought against defendants in their official and/or individual capacities.  *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. App'x. 564 (5th Cir. Sept. 29, 2003) (unpubl.).

Exhaustion is an affirmative defense; thus, the burden is on the defendant to establish that the plaintiff failed to exhaust available administrative remedies.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  If the court considers evidence beyond the pleadings to resolve the exhaustion issue, the nonmoving party is entitled to the protections of Rule 56.  *Id.*

C. Analysis

Here, the undisputed facts show that Plaintiff has failed to exhaust DWCC's two-step administrative remedy process.  Defendants first present what purports to be a list of all the administrative grievances that Plaintiff has filed while at DWCC.  [doc. # 38-3, p. 3-4].  To be fair, Defendants do not present an affidavit swearing that this is an exhaustive collection of Plaintiff's grievances; however, given that Plaintiff fails to contest Defendants' argument and accompanying evidence, the Court finds that the collection includes all of Plaintiff's administrative grievances.

Of the two grievances that Plaintiff filed, one was rejected, [doc. # 38-3, p. 3], and the other, which states that inmates "are constantly deprived of basic human needs (toilet paper, soap,

toothpaste, and toothbrushes)," [doc. # 38-3, p. 4], does not concern any claim that Plaintiff seeks to redress in the instant Complaint.[20]  As noted, Plaintiff fails to come forward with any argument or competent summary judgment evidence that contradicts Defendants' evidence.  Thus, he fails to demonstrate that he exhausted the administrative procedures that were available to him to redress the specific claims he asserts in the instant Complaint.  Under these circumstances, Defendants have established that there is no genuine dispute as to any material fact, that they are entitled to judgment as a matter of law, and that Plaintiff's claims should be **DISMISSED**.[21]

Although dismissal for failure to exhaust administrative remedies is typically without prejudice,[22] the Court is authorized to dismiss Plaintiff's Complaint with prejudice with respect to his right to re-file it *in forma pauperis* ("IFP"):

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, [plaintiff] sought relief to which he was not entitled–that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing [plaintiff's] action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

---

[20]  Plaintiff does claim that *mentally ill inmates* are deprived of toothbrushes, toothpaste, soap, towels, and shoes.  [doc. # 31, p. 21].  To the extent that Plaintiff raises this claim on behalf of the mentally ill inmate population at DWCC, the Court reiterates that Plaintiff, as a non-lawyer, cannot represent other inmates.

[21]  Because the Court finds that Plaintiff has failed to exhaust his administrative remedies, the Court need not reach either the merits of Plaintiff's claims or Defendants' remaining arguments.  *See Marshall v. Price*, 239 F.3d 365 (5th Cir. 2000) (declining to reach the merits of an inmate's Section 1983 claims after finding that he failed to exhaust his administrative remedies); *Hamer v. Jones*, 2010 WL 4569963, at *6 (S.D. Tex. 2010) ("Because the issue of exhaustion is dispositive, the Court declines to reach the defendants' remaining arguments.").

[22]  *See, e.g., Cooper v. Quarterman*, 342 Fed. App'x. 12, 13 (5th Cir. 2009).

The foregoing approach is appropriate here.  Accordingly, if Plaintiff exhausts his administrative remedies with respect to the claims raised, he may present these claims again, but he may not proceed *in forma pauperis* to do so.[23]

## III. Eleventh Amendment Immunity

Insofar as Plaintiff asserts a claim against Defendants in their official capacities, [*see* doc. # 1, p. 5], Defendants suggest[24] that they are entitled to Eleventh Amendment immunity.  [doc. # 38-1, p. 7].  To the extent that they seek dismissal of Plaintiff's claim for monetary damages against them in their official capacities (as opposed to seeking dismissal of Plaintiff's prayer for equitable relief), Defendants' argument is well-taken.

It is well-settled that the Eleventh Amendment bars suits in federal court for money damages and injunctive relief filed by citizens of a state against their own state or state agency. *Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987).  "Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar."  *Id.*  On that score, "Section 1983 does not override the Eleventh Amendment bar."  *Id.*  The Amendment also bars a plaintiff's state law claims brought against Louisiana or a

---

[23] Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with deadlines and other critical procedural rules.  *Woodford, supra*.  At this point, Plaintiff's delay may foreclose his ability to properly exhaust available administrative remedies.

[24] Defendants conflate Eleventh Amendment immunity with qualified immunity.  For instance, Defendants contend that they are entitled to qualified immunity because "they are not considered 'persons' subject to liability for monetary claims asserted against them in their *official* capacity . . . ."  [doc. # 38-1, p. 7 (emphasis added)].  However, the qualified immunity defense only applies to suits against government officials in their individual capacities.  *Walker v. Howard*, 517 Fed. App'x 236, 237 (5th Cir. 2013).  The Court, accordingly, declines to consider Defendants' bald invocation of qualified immunity.

11

Louisiana entity in federal court because Louisiana has not waived its sovereign immunity. *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997); LA. REV. STAT. § 13:5106.

That in mind, "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991).  The real party in interest in an official-capacity suit is the governmental entity, not the named official.  *Id.* at 25 (citing *Kentucky v. Graham*, 473 U.S 159, 166 (1985)); *see Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (holding that official-capacity suits are generally "another way of pleading an action against an entity of which an officer is an agent.").  The suit against a state official is "no different from a suit against the State itself."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Here, the State of Louisiana is the real party in interest—through its arm, the DOC—and is thus entitled to Eleventh Amendment Immunity.  *See Richardson*, 118 F.3d at 452 (noting that even though the plaintiff did not name the State of Louisiana as a defendant, the "suit may nonetheless succumb to Eleventh Amendment immunity if the State is the real party in interest.").

Accordingly, the Court recommends that Plaintiff's claim for monetary damages against Defendants in their official capacities be **DISMISSED WITHOUT PREJUDICE**.

## Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Defendants' Motion, [doc. # 38], be **GRANTED**, and that the Complaint, [doc. # 31], be **DISMISSED without prejudice for failure to exhaust administrative remedies**, **but DISMISSED with prejudice** for purposes of proceeding *in forma pauperis*.

**IT IS FURTHER RECOMMENDED**, in the alternative, that Defendants' Motion, [doc. # 38], be **GRANTED IN PART**, and that Plaintiff's claims for monetary damages against all Defendants in their official capacities be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 23rd day of September, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE